**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 29 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAJPREET SINGH, | No. 18-72275 |
| Petitioner, | Agency No. A205-793-092 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 29, 2025**

Before: GOULD, BENNETT, and SUNG, Circuit Judges.

Rajpreet Singh, a native and citizen of India, petitions for review of an order

of the Board of Immigration Appeals ("BIA") dismissing his appeal from an

Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT"). Because the BIA adopted and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirmed the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), we review both the IJ's and BIA's decisions. *See Cruz v. Bondi*, 146 F.4th 730, 737 (9th Cir. 2025). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). "[T]he REAL ID Act requires that credibility determinations be made on the basis of the 'totality of the circumstances, and all relevant factors.'" *Id.* at 1040 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The Act "permits IJs to consider factors such as demeanor, candor, responsiveness, plausibility, inconsistencies, inaccuracies, and falsehoods to form the basis of an adverse credibility determination." *Barseghyan v. Garland*, 39 F.4th 1138, 1142–43 (9th Cir. 2022). And "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha*, 590 F.3d at 1041 (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

Substantial evidence supports the agency's adverse credibility determination. Before the IJ, Singh admitted he fabricated certain events that he had described in his asylum application. In particular, Singh retracted earlier statements regarding the events and harms he claimed to experience in 2011 and 2012. Singh testified

2

that he lied to the Asylum Officer because he was under "a lot of pressure" and the people he was living with advised that "when you file a case like this, that's the way you have to tell the story." To corroborate the false information, Singh also instructed his father to include false information in the letter his father submitted to the agency. And Singh conceded that he told the truth only after he was confronted with government records revealing his lies.

Singh nevertheless maintains that police arrested and beat him on November 23, 2010, due to his political activities in India. At the hearing before the IJ, Singh reaffirmed that what he told the Asylum Officer about this event was truthful. Singh urges on appeal that because he testified credibly about this November 2010 incident, the agency erred in finding that his fabrication of *other* parts of his claim made him ineligible for asylum. But even Singh's description of the November 2010 incident to the IJ was inconsistent with what he previously told the Asylum Officer.

"An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). And "[t]he law of this circuit," we have explained, "permits the use of the maxim *falsus in uno, falsus in omnibus* in the immigration context." *Enying Li v. Holder*, 738 F.3d 1160, 1163 (9th Cir. 2013). The inconsistencies in the record and Singh's admission of fabricating parts of his initial asylum claim support an adverse credibility finding. *See Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010)

3

("[A]ny inaccuracies, omissions of detail, or inconsistencies found by the IJ, regardless of whether they go to the 'heart' of a petitioner's claim, may support an adverse credibility finding."); *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

Substantial evidence also supports the agency's finding that Singh's documentary evidence did not independently establish eligibility for relief. Singh submitted a country conditions report, a psychological report, and medical evidence of his injuries—including the statement of a doctor who examined Singh in 2015 and found his injuries to be consistent with beating or torture. But the agency reasonably afforded limited weight to the expert reports because they were based on the false factual narrative that Singh provided. And the medical evidence does not compel the conclusion that Singh received his injuries as a result of torture in India. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) ("[W]hen a petitioner contends that the IJ's findings are erroneous, the petitioner 'must establish that the evidence not only *supports* that conclusion, but *compels* it.'" (quoting *Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998))). Without credible testimony or sufficient corroborating evidence, the agency properly concluded that Singh failed to establish eligibility for asylum or withholding of removal. *See Mukulumbutu*, 977 F.3d at 927.

"An adverse credibility determination is not necessarily a death knell to CAT

protection." *Shrestha*, 590 F.3d at 1048. For a petitioner to succeed when found not credible, the remaining evidence alone must compel the conclusion that he is "more likely than not" to be tortured upon removal. *Id.* at 1048–49. But the documentary evidence does not meet the high threshold of establishing that it is more likely than not that Singh will be tortured by or with the consent or acquiescence of a public official. *See Singh v. Whitaker*, 914 F.3d 654, 662–63 (9th Cir. 2019); *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) (recognizing "the extremely high threshold of future torture required by statute" and holding that petitioner failed to meet it). The government acknowledges that the record reflects detainees have been tortured in India, but these reports do not demonstrate that Singh will face torture if he returns. This is particularly so given Singh's contention that he was previously detained and beaten in India is the same claim "'that the BIA determined to be not credible' in the asylum context." *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (quoting *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015)). No objective evidence in the record compels us to conclude otherwise as to Singh's CAT claim.

The agency did not need to separately consider Singh's eligibility for humanitarian asylum because the adverse credibility finding controls, and Singh failed to demonstrate past persecution or that there is a reasonable possibility he may suffer other serious harm. *See* 8 C.F.R. § 1208.13(b)(1)(iii); *INS v. Bagamasbad*,

5

429 U.S. 24, 25 (1976) (per curiam) ("[A]gencies are not required to make findings on issues . . . unnecessary to the results they reach."). For the same reason, the agency did not need to separately consider internal relocation.

Finally, Singh's due process rights were not violated during the agency's proceedings. When an IJ finds a petitioner's testimony "not credible, the IJ [is] not required to give [] notice and an opportunity to provide additional corroborating evidence." *Mukulumbutu*, 977 F.3d at 927.

**PETITION DENIED.**